# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JEROME LAWRENCE, *et al.*,       )
                                 )
     Plaintiffs,              )
                                 )
        v.                   )     C.A. No. N17C-11-183 ALR
                                 )
SURGICAL ASSOCIATES, P.A., *et al.*,   )
                                 )
     Defendants.            )

### *Upon Plaintiffs' Omnibus Motion in Limine*
### GRANTED IN PART

## <u>ORDER</u>

Upon consideration of the Plaintiffs' omnibus motion *in limine*; Defendants' response thereto; the arguments presented at oral argument; the facts, arguments, and legal authorities set forth in the submissions; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.    Statistical evidence based on the Manheim Peritonitis Index ("Manheim Index") of Plaintiff's likelihood of death at the start of her care is excluded pursuant to Delaware Rule of Evidence 403.[1]  While "[s]tatistical evidence

---

[1] *See* D.R.E. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also Timblin v. Kent Gen. Hosp.*, 640 A.2d 1021, 1023 (Del. 1994) ("The propriety of admitting the challenged statistical evidence must be determined under the balancing test of Delaware Rule of Evidence ('D.R.E.') 403.").

may be relevant in appropriate circumstances to rebut the nexus between the defendant's conduct and the plaintiff's injury by showing that the injury was likely to occur regardless of the defendant's alleged negligence[,] . . . the evidence must be carefully scrutinized to ensure its relevance and to guard against unfair prejudice."[2]

2.      The causation issue in this case is whether Plaintiff's injuries and death were the result of Defendant's breach of the applicable standard of care.[3] Statistical evidence of Plaintiff's likelihood of death at the start of her care has little, if any, relevance to that issue. In addition, the disputed evidence's potential for misleading the jury and creating unfair prejudice substantially outweighs its probative value. "Delaware courts have recognized that evidence of statistical probability creates a significant risk of jury confusion and unfair prejudice because such evidence may lead a jury to decide a case based on what happens normally instead of what happened in the case before it."[4]  Accordingly, statistical evidence based on the Manheim Index shall be excluded.[5]  Nevertheless, this ruling does not foreclose

---

[2] *Timblin*, 640 A.2d at 1024.

[3] *See id.* ("A plaintiff in a medical malpractice action 'must prove that the doctor's inadequate treatment was the proximate cause of the patient's injury or death.'" (quoting *Shively v. Klein*, 551 A.2d 41, 44 (Del. 1988))).

[4] *Id.* at 1025.

[5] To the extent Defendants seek to introduce statistical evidence based on the Manheim Index to rebut allegations that Defendants deviated from the applicable standard of care, such evidence is excluded on the same grounds. *See id.* at 1024 (finding statistical evidence of a patient's likelihood of death or brain damage following a cardiac arrest to be irrelevant to issue of a hospital's deviation from the applicable standard of care).

Defendants from offering other evidence which shows that Plaintiff's injuries and death were not the result of Defendants' negligence.

3.      Consistent with the record produced during oral argument, the Court will not decide the other evidentiary challenges raised in Plaintiffs' motion at this time.

**NOW, THEREFORE, this 21st day of January 2020, Plaintiffs' Omnibus Motion *in Limine* is GRANTED IN PART and statistical evidence based on the Manheim Index of Plaintiff's likelihood of death at the start of her care shall not be admitted in evidence.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**